UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

ZACHARY WEITZ,

  Plaintiff,

v.

NATIONS HEARING, LLC d/b/a
NATIONS BENEFITS LLC,
a Florida Limited Liability Company,

  Defendant.

_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, ZACHARY WEITZ ("Mr. Weitz" or "Plaintiff") files this Complaint against

Defendant, NATIONS HEARING, LLC d/b/a NATIONS BENEFITS LLC ("Defendant"), and

states as follows:

## INTRODUCTION

1.  Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42

U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), and

for violation of the Florida Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA") to

recover from Defendant back pay, an equal amount as liquidated damages, other monetary

damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages,

reasonable attorneys' fees and costs, and any other damages permitted by law.

## JURISDICTION, VENUE AND PARTIES

2.      This Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

3.      This Court also has supplemental jurisdiction over Plaintiff's FCRA and FWA claims, as they arise out of the same operative facts and circumstances as his ADA claims.

4.      At all times relevant hereto, Plaintiff was an employee of Defendant.

5.      Plaintiff worked for Defendant in Broward County, Florida, and this venue is therefore proper.

6.      Defendant is a Florida limited liability company that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of the Court.

7.      Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

        a.      Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

        b.      Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

8.      Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

9.      Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is therefore a covered employer as defined by the FWA.

10.     At all times material hereto, Plaintiff was an "employee" within the meaning of the FWA.

11.     At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FWA.

## CONDITIONS PRECEDENT

12.     On or around December 11, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13.     More than 180 days have passed since the filing of the Charge of Discrimination.

14.     On June 11, 2021, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

15.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

16.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17.     Mr. Weitz worked as an Associate Director of Client Services for Defendant, from May 26, 2020, until his termination on November 4, 2020.

18.     During his time with Defendant, Mr. Weitz was an excellent employee, with no significant history of attendance, disciplinary, or performance issues.

19.     Unfortunately, throughout his employment, Mr. Weitz saw that many of Defendant's employees and managers were not abiding by federal and state regulations implemented to slow the spread of the COVID-19 Pandemic.

20.     Specifically, beginning on June 1, 2020, Defendant informed Mr. Weitz that he would be conducting his essential job duties at the company's headquarters in Plantation, Florida.

21.     When Mr. Weitz arrived on his first day, he was shocked to see that despite a raging pandemic, Defendant' Headquarters did not observe any kind of social distancing or mask-wearing guidelines.

22.     Based on the lack of safety protocols being implemented, Defendant was in violation of the General Duty Clause of the Occupational Safety and Health Act ("OSHA"), Florida Governor Ron DeSantis's Executive Order #2020-51 ("EO-51"), and Section 64E-11.003(3)(a) of the Florida Administrative Code ("Section 64").

23.     Stunned, Mr. Weitz immediately objected to this dangerous and unlawful behavior to his direct supervisor, Senior Director of Client Services, Michael Fried ("Mr. Fried").

24.     Despite Mr. Weitz' objection, Defendant did not ameliorate the dangerous workplace environment.

25.     Shortly thereafter, on July 8, 2020, Defendant's Management sent a company-wide e-mail stating that the Plantation office was temporarily closing its doors due to multiple employees contracting the virus.

26.     Mr. Weitz later discovered that among these were both men who routinely refused to comply with health guidelines and who had close contact with Mr. Weitz.

27.     However, Defendant never informed Mr. Weitz that he would have an increased risk based on his close contact with confirmed covid-19 positive employees nor require Mr. Weitz to quarantine for at least fourteen (14) days to avoid further endangering its employees.

28.     Around mid-August, Defendant sent another e-mail informing all employees, including our Mr. Weitz, that on September 8, 2020, they were expected to return to the office for in-person work.

29.     This e-mail did not contain any guidance on COVID-19 safety and left Mr. Weitz anxious that he was about to, once again, be exposed to the dangerous virus.

30.     As a result, Mr. Weitz objected directly to Vice President of Client Services, Trenyse Briggs ("Ms. Briggs"), and requested that Defendant's employees were: 1) permitted to work staggered days 2) permitted to eat lunch at their desks, and 3) subject to temperature checks.

31.     These restrictions/guidelines were reasonable, and if implemented, would have helped Defendant prevent its employees from getting sick once more, and would have helped Defendant abide by COVID-19 guidelines and regulations.

32.     Accordingly, as soon as Mr. Weitz returned to work on September 8, 2020, he again saw that employees were still not wearing masks and failed to adopt social distancing measures.

33.     On October 22, 2020, Ms. Briggs informed Mr. Weitz that fellow employee "G.D." had tested positive for COVID-19 and that she was informing Mr. Weitz because she knew that this individual had been in close contact with Mr. Weitz.

34.     Following the disclosure, Defendant's management instructed Mr. Weitz that he was expected to return to work in just four (4) days, completely ignoring the CDC-mandated 14-day quarantine period for individuals who have worked closely with a positive co-worker.

35.     In addition, Defendant did not disclose the positive case to other employees who worked closely with G.D., in violation of COVID-19 Guidelines and as described in Sections 16 and 17 of the Fair Labor Standards Act. 29 U.S.C. 216-217.

36.     Throughout this time, Mr. Weitz objected numerous times to Mr. Fried, but the latter refused to remedy the situation.

37.     On October 25, 2020, Mr. Weitz met with Ms. Briggs, and objected to Defendant's various violations of COVID-19 Guidelines and how he felt unsafe working in Defendant' Plantation location.

38.     In response to Mr. Weitz' objections, Ms. Briggs simply informed him that she would forward the objections to "senior management."

39.     Following Mr. Weitz' objections described above, Mr. Fried began to viciously retaliate by harassing, and humiliating Mr. Weitz for no discernable reason.

40.     Mr. Fried created a hostile work environment because Mr. Weitz engaged in protected activity under the FWA.

41.     On November 3, 2020, Mr. Weitz objected to Mr. Fried's unlawful treatment to Ms. Briggs and reminded Ms. Briggs that he suffered from of Obsessive-Compulsive Disorder, Anxiety Disorder, and Depression.

42.     The forgoing medical conditions caused physical and mental impairments which substantially limited one or more of Mr. Weitz' major life activities and are, therefore, considered protected disabilities under the ADA/FCRA.

43.     Mr. Weitz informed Ms. Briggs that Mr. Fried's conduct, and Defendant's failure to provide a safe work environment, was exacerbating negative symptoms associated with Mr. Weitz' disabilities and objected that he believed that Mr. Fried's was discriminating against him.

44.     In response to these objections and disability disclosure, Ms. Briggs stated that she would meet with Mr. Weitz and Mr. Fried in an attempt to solve the issue on the following day.

45.     However, on November 4, 2020, the day after Mr. Weitz renewed his objections and disclosed his disability to Ms. Briggs, Defendant terminated his employment.

46.     Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA, FCRA, and the FWA were intended to prevent.

47.     In reality, Defendant's termination of Mr. Weitz stemmed from its discriminatory animus toward his very recent disabilities disclosure, and his recent objections to Defendant's actions that he reasonably believed to be in violation of a rule, regulation or law.

48.     The timing of Plaintiff's termination makes the causal connection between his disabilities disclosure, his objections regarding disability discrimination, his objections to what he reasonably believed to be violations of rule, regulation or law, and his termination sufficiently clear.

49.     Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Mr. Weitz as a whistleblower under the law.

50.     In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) he objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal).

51.     Plaintiff was terminated in direct retaliation for reporting and objecting to Defendants' unlawful actions, or what she reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes.  *See Aery,* 118 So. 3d at 916.

52.     The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

53.     Defendant was aware of Plaintiff's ADA/FCRA-protected disability.

54.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

55.     Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for objecting to disability discrimination.

56.     Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

57.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

58.     Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

59.     Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

60.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

61.     Any other reason given for Plaintiff's termination is a pretext, designed to cover up disability discrimination and retaliation.

62.     Defendant did not have a good faith basis for its actions.

63.     Defendant did not have a legitimate, non-retaliatory reason, for its actions.

64.     As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

65.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

66.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 12-48, and 52-65.

67.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

68.     The discrimination to which Plaintiff was subjected was based on his disabilities and/or "perceived disabilities."

69.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

71.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

72.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>**COUNT II**</u>
<u>**DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT**</u>
<u>**BASED ON DISABILITY**</u>

73.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-8, 12-48, and 52-65.

74.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

75.     The discrimination to which Plaintiff was subjected was based on his disabilities/handicaps, or "perceived disabilities."

76.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

78.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

79.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

80.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 12-48, and 52-65.

81.      Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt she was being discriminated against based on his disabilities.

82.     Plaintiff's objections constituted protected activity under the ADA.

83.     Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination.

84.     Plaintiff's protected activity, and his termination, are causally related.

85.     Defendant's stated reasons for Plaintiff's termination are a pretext.

86.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

87.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

88.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

89.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

90.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-8, 12-48, and 52-65.

91.      Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt she was being discriminated against based on his disabilities.

92.     Plaintiff's objections constituted protected activity under the FCRA.

93.     Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination.

94.     Plaintiff's protected activity, and his termination, are causally related.

95.     Defendant's stated reasons for Plaintiff's termination are a pretext.

96.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

97.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

98.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

99.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

100.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9 through 11, 17 through 51, and 61 through 65, above.

101.    On November 4, 2020, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

102.    Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant.

103.    Plaintiff objected to a violation of a law, rule, or regulation, or what he reasonably believed to be a violation of a law, rule, or regulation, and was terminated as a direct result of same, which constitutes a violation of the FWA.

104.    As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 18th day of  August, 2021.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com